UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAVE OUR COUNTY, COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION, UNITED CONGREGATIONS OF METRO EAST, and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEFENSE LOGISTICS AGENCY, MICHELE C. SKUBIC, in her official capacity as Director the Defense Logistics Agency, UNITED STATES DEPARTMENT OF DEFENSE, LLOYD J. AUSTIN, in his official capacity as Secretary of the Department of Defense, HERITAGE ENVIRONMENTAL SERVICES, LLC, and TRADEBE TREATMENT AND RECYCLING, LLC,<br><br>Defendants. | Case No. 4:21-CV-1861<br><br>**SETTLEMENT AGREEMENT** |

This Settlement Agreement ("Agreement") is entered into by and between Plaintiffs, Save Our County, Community In-Power and Development Association, United Congregations of Metro East, and the Sierra Club (jointly "Plaintiffs") and Defendants United States Defense Logistics Agency ("DLA"), United States Department of Defense ("DOD"), and Michele C. Skubic and Lloyd J. Austin in their official capacities (collectively, "Federal Defendants"). Plaintiffs and Federal Defendants are together the "Parties." Plaintiffs and Federal Defendants are each a "Party." No other named defendant is a party to this Agreement.

The Parties, by and through their undersigned counsel, state as follows:

WHEREAS, on February 20, 2020, Plaintiffs filed their Complaint in this case, challenging the Federal Defendants' award of three Contracts to incinerate materials containing per- and polyfluoroalkyl substances ("PFAS"), including excess stockpiles of unused fire-fighting foam. They alleged that Federal Defendants' failure to conduct any environmental review in conjunction with the award of the Contracts violated the National Environmental Policy Act ("NEPA"). Plaintiffs also allege that the issuance of task orders under the Contracts violated the National Defense Authorization Act of Fiscal Year 2020 ("NDAA");

WHEREAS, on June 23, 2020, following the cancellation of the two challenged contracts involving Tradebe Treatment and Recycling, LLC ("Tradebe"), Plaintiffs and Tradebe filed a stipulation dismissing with prejudice any and all claims against Tradebe;

WHEREAS, on September 28, 2021, the matter was transferred from the United States District Court for the Northern District of California to the Northern District of Ohio by Court Order;

WHEREAS, the Parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in the Complaint;

WHEREAS, Heritage is not a party to the Agreement, and assumes no obligations under the Agreement.

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW THEREFORE, it is hereby agreed to by the Parties as follows:

1. <u>Termination of Heritage Contract</u>. Federal Defendants represent that the Heritage Environmental Services ("Heritage") contract, which is the one remaining Contract named in the lawsuit, was terminated for convenience at no cost to Federal Defendants.

2. <u>The Online Publication of DLA contracts</u>.

a. Federal Defendants agree to publish online all current and future DLA hazardous waste disposal contracts that contain contract line item numbers for the incineration of AFFF. Specifically, Federal Defendants will publish the SF1499 "Contract Award" document, the performance work statement ("PWS") and the price schedule for each DLA contract. The publishing of these documents is considered proactive disclosures under the Freedom of Information Act ("FOIA") and the statutory rules and regulations governing FOIA are applicable to this posting.

b. Publication and maintenance of the website containing the documents identified in paragraph 2(a) (SF 1499, PWS, and price schedule) is required for three (3) years from the date when all contracts in effect on the Effective Date of this Agreement have been posted on the publicly available website. Federal Defendants will post all contracts in effect on the Effective Date of this Agreement no later than six (6) months after the Effective Date of the Agreement, and will notify Plaintiffs when all contracts have been posted for purposes of determining the start date for the three (3) year period of posting.

c. Federal Defendants may redact information contained in documents posted or published on the website under this Agreement where such redactions would be authorized under FOIA.

d. The following categories of information are not considered to be Confidential Business Information ("CBI") or otherwise exempt from disclosure on the website under this Agreement under paragraphs 2(c) and (d):

   i. The Contractor's name;

   ii. The contract number;

   iii. The award and effective date of the contract;

   iv. The list of documents, exhibits, and other attachments to the contract;

      v.   The following information contained in the price schedule incorporated into the contract:

1. Contract Line Item Number ("CLIN");
2. The Base CLIN;
3. The Unit of Issue; and
4. The table identifying CLIN codes by suffix, description and unit of measurement in the price schedule for the contract; and Federal Defendants may use normal FOIA processes to request additional information or documents involving any of the contracts posted to the publicly available website. Federal Defendants reserve their rights and defenses to any party submitting or making any FOIA request.

3. <u>Attorneys' Fees, Costs, and Expenses.</u> The Parties have agreed to settle any and all of Plaintiffs' claims for attorneys' fees, costs, and expenses associated with this litigation for a lump sum payment of $200,000 in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiffs may have for the recovery of attorneys' fees or litigation costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 2412 *et seq.* or any other statute. The payment of the $200,000 releases the Federal Defendants and the other defendants from any claims regarding such fees and costs that Plaintiffs have asserted or could have asserted under any law in connection with this matter. This Agreement represents the entirety of the undersigned Parties' commitments regarding settlement of claims for attorneys' fees, costs, and expenses. Plaintiffs and their attorneys agree to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the $200,000 in attorneys' fees, costs, and expenses. Finally, Federal Defendants are solely responsible for the payment of attorneys' fees, costs or expenses. Heritage is not obligated to pay any portion of the $200,000 settlement.

4. <u>Dispute Resolution</u>. In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Agreement, the disputing Party shall

provide the other Party with written notice outlining the nature of the dispute and requesting informal negotiations. The Parties agree that they will meet and confer (telephonically or via an online platform) at the earliest possible time in a good-faith effort to resolve the dispute. If the Parties are unable to resolve the dispute themselves after 60 days following receipt of written notice requesting informal negotiations, or such longer time agreed to by the Parties, either Party may initiate legal action to resolve the dispute.  No motion or other proceeding seeking to enforce this Agreement or for contempt of court shall be properly filed unless the Party seeking to enforce this Agreement has followed the procedure set forth in this Paragraph, and the Party believes there has been noncompliance with an order of the Court. In addition, this Agreement shall not be enforceable through a proceeding for contempt of court.

    5. <u>Compliance with Other Laws</u>.  Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law. Nothing in this Agreement shall be construed to deprive a federal official of authority to revise, amend, or promulgate regulations. Nothing in this Agreement is intended to, or shall be construed to, waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the Administrative Procedure Act; or to otherwise extend or grant this Court jurisdiction to hear any matter, except as expressly provided in the Agreement. Except as set forth in this Agreement, the Parties retain all rights, claims, defenses, and discretion they may otherwise have. Except as expressly provided in this Agreement, nothing herein shall be construed to limit or modify any discretion accorded Federal Defendants by statute, regulation or by general principles of administrative law.

    6. <u>Mutual Drafting and Other Provisions</u>.

        a. It is hereby expressly understood and agreed that this Agreement was jointly drafted by Plaintiffs and Federal Defendants. Accordingly, the Parties hereby agree that any and all rules of construction, to the effect that ambiguity is

5

    construed against the drafting party, shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Agreement.

  b. This Agreement contains all of the agreements between Plaintiffs and Federal Defendants, and is intended to be and is the final and sole agreement between Plaintiffs and Federal Defendants concerning the complete and final resolution of Plaintiffs' claims. Plaintiffs and Federal Defendants agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect.

  c. This Agreement is the result of compromise and settlement and does not constitute an admission, implied or otherwise, by any Party to any fact, claim, or defense on any issue in this litigation. This Agreement has no precedential value and shall not be cited or otherwise used as evidence by either Party in any other litigation or administrative proceeding except as necessary to enforce the terms of this Agreement.

7. <u>Force Majeure</u>.  The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance. Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Agreement.

8. <u>Representative Authority</u>.  The undersigned representative of each Party certifies that he or she is fully authorized by the Party he or she represents to enter into the terms and conditions of this Agreement and to legally bind that Party to the terms of this Agreement.

9. <u>Dismissal.</u>  Concurrently with this Agreement, the Parties shall file a stipulation requesting dismissal of all claims in this action with prejudice. That stipulation will also request that the Court retain jurisdiction to resolve any disputes arising under this Agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  Plaintiffs' sole remedy for any

dispute concerning the adequacy of any new decision, approval, or NEPA analysis shall be to seek administrative review or to file a new civil action seeking judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, or other applicable statute. In no event shall any term of this Agreement be construed as limiting any claims or defenses that Plaintiffs or Defendants may raise in any such subsequent civil action.

10. <u>Effective Date.</u> The terms of this Agreement shall become effective upon entry of an Order Dismissing the Case. The Parties agree that this Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute the same instrument. Facsimile or scanned signatures submitted by electronic mail shall have the same effect as an original signature in binding the parties.

Federal Defendants agree to submit all necessary paperwork for the payment of attorneys' fees and costs to the appropriate office within ten (10) business days after the U.S. District Court for the Northern District of Ohio enters the dismissal, or Federal Defendants have received from Plaintiffs the paperwork necessary for the payment of attorney's fees, whichever is later.

Dated: August 30, 2023.

TODD KIM
ASSISTANT ATTORNEY GENERAL

/s/ *Paul G. Freeborne*
Paul G. Freeborne
PAUL G. FREEBORNE
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 532-5271
paul.freeborne@usdoj.gov

*Attorneys for Federal Defendants*

/s/ *Jonathan Kalmuss-Katz*
Jonathan Kalmuss-Katz
Suzanne Novak
Sharmeen Morrison
Earthjustice
48 Wall Street, 15th Fl.
New York, NY 10005
(212) 845-7376
jkamusskatz@earthjustice.org
snovak@earthjustice.org
smorrison@earthjustice.org

James Yskamp #0093095
Earthjustice
2924 Cedar Hill Road
Cuyahoga Falls, OH 44223
(570) 404-0237
jyskamp@erathjustice.org

*Counsel for Plaintiffs*

8